UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22821-Civ-COOKE/BANDSTRA

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

REGIONS BANK,

    Defendant.

_____/

## ORDER DENYING MOTION TO INTERVENE AND TRANSFER

THIS MATTER is before me on U.S. Pension Trust Corp., U.S. College Trust Corp., Iliana Maceiras, Leonardo Maceiras, Jr., and Nildo Verdeja's (the "USPT Defendants") Motion to Intervene and Transfer. I have reviewed the complaint, the arguments and the relevant legal authorities. For the reasons explained below the USPT Defendants' Motion to Intervene and Transfer is denied.

### *I. BACKGROUND*

On September 28, 2007, the Securities Exchange Commission (the "SEC") initiated legal proceedings against the USPT Defendants, *Securities and Exchange Commission v. Pension Trust Corp.*, et al., Case No. 07-22570-CIV-MARTINEZ (the "USPT Action"), claiming, among other things, that the USPT Defendants deliberately engaged in an offering fraud in violation of Section 17(a) of the Securities Act of 1933 and Sections 10(b), Rule 10b-5 and Section 15(a)(1) of the Securities Exchange Act of 1934. [ECF No. 5].

On September 21, 2009, the SEC commenced this action against Regions Bank for its role as trustee for the USPT Defendants. [ECF No. 1]. The parties concede that the conduct giving rise to the SEC's claims against the USPT Defendants and Regions Bank are intertwined. [ECF Nos. 4 & 5]. The USPT Defendants marketed financial products whereby foreign residents established trust relationships with Regions Bank to purchase United States mutual fund shares. [*Id.*]. The transactions were processed by affiliates of Regions Bank who remitted certain payments to the USPT Defendants pursuant to the services contract between the USPT Defendants and Regions Bank. [*Id.*]. Regions Bank was financially compensated for its governing role over the alleged fraudulent transactions. [*Id.*].

On September 21, 2009, and with the consent of Regions Bank, the SEC also moved for entry of final judgment against Regions Bank seeking the disgorgement of ill-gotten gains in the amount of $1.00 and a $1,000,000.00 civil penalty. [ECF No. 3]. Although it was not mandated by the terms of the proposed final judgment, Regions Bank has voluntarily declined to accept new foreign grantors, and recently stopped pre-arranged annual, or renewal, multi-year contributions, including contributions associated with the USPT Defendants. [ECF Nos. 4 & 5].

On September 21, 2009, the USPT Defendants filed a motion to intervene and transfer in an effort to protect their legal interests as defendants in the USPT Action, claiming that the effective result of the proposed final judgment would "cut off funds to the USPT Defendants." [ECF No. 4]. The SEC argues that intervention is not appropriate because the USPT Defendants have no legally protectable interest in the case and that Section 21(g) of the Securities Exchange Act of 1934 is an "impenetrable wall" to intervention [ECF No. 5]. The USPT Defendants, on the other hand, assert that intervention should be granted and the claims should be litigated in one forum because the claims against Regions Bank are based on the same alleged fraudulent

conduct.  [ECF No. 4].

## II. LEGAL STANDARDS

***Intervention Under Federal Rule of Civil Procedure 24(a) and 24(b)***

Intervention is permitted as a matter of right when the moving party demonstrates that: (1) its motion to intervene is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impair or impede its ability to protect that interest; and (4) the parties to the action inadequately represent that interest. Fed. R. Civ. P. 24(a)(2); *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008).  All four elements of Rule 24(a)(2) must be met before intervention of right will be permitted. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213-1214 (11th Cir. 1989). A failure to prove even one of these elements requires a court to deny the motion to intervene. *Id.*  Furthermore, intervention must be supported by a "direct, substantial and legally protectable interest in the proceedings." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir. 1991). When a moving party fails to establish a legally cognizable interest in the underlying action, it logically follows that there is no direct, substantial or legally protectable interest that could be impaired or impeded. *See Wade v. Goldschmidt*, 673 F.2d 182, 186 (7th Cir. 1982).  The proposed intervenor has the burden of showing that the existing parties cannot adequately represent its interest, however, this burden is minimal. *See Fed. Savings & Loan Corp., v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1999).

Federal Rule of Civil Procedure 24(b) allows for permissive intervention where the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  Where a party is unable to intervene as a matter of right under Rule 24(a), "it is wholly discretionary with the court whether to allow intervention under

Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention. " *Purcell v. BankAtlantic Fin.Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996).

***Transfer pursuant to section 1404(b).***

"Upon motion, . . . any action, suit or proceeding of a civil nature . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. 1404(b)(1996). However, pursuant to section 2.15.00 of the U.S. District Court of the Southern District of Florida's Internal Operating Procedure, whenever an action is filed in the same court, and involves similar subject matter, it is in the discretion of the judges involved to determine whether the newly filed action or proceeding shall be transferred to another judge to avoid excess judicial labor. IOP 2.15.00(C)(2005) (available at http://www.flsd.uscourts.gov).

### III. ANALYSIS

A.   **Motion to Intervene**

   1.   *Intervention as a Matter of Right*

The USPT Defendants claim that they have the authority to intervene in the current action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Although the USPT Defendants timely filed their motion to intervene[1], and the parties agree that the conduct at issue in this case and the USPT Action arise out of the same transactions or occurrences, the USPT Defendants fail to assert a "direct, legally protectable interest." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 594 (11th Cir. 1991).

The USPT Defendants claim that a sufficient interest exists because the proposed final

---

[1] The USPT Defendants filed motion to intervene and transfer the same day the complaint was filed.

judgment against would effectively "cut off" funds to the USPT Defendants.  I disagree.  If entered, the proposed final judgment would only require that Regions Bank pay a civil fine of $1,000,000.00 and $1.00 in ill-gotten gains. It does not mention the USPT Defendants nor does it place Regions Bank under any restrictions of business or trade. It is in Region Bank's sole discretion to continue business relations with the USPT Defendants and the proposed final judgment, if entered, will have no legal or prejudicial consequences against them.  Consequently, the USPT Defendants do not a have a direct interest in the underlying action sufficient to satisfy the second element of Rule 24(a).

Because the USPT Defendants fail to establish a cognizable interest in the underlying action, it logically follows that they also have no direct interest that could be impaired or impeded.  *See Wade*, 673 F.2d at 186.  The proposed final judgment does not directly impact the USPT Defendants.  As a practical matter, the USPT Defendants are free enforce preexisting contracts by law and can avoid judicial prejudice by adjudicating their own action against the SEC.  Since all four elements of Rule 24(a)(2) have not been met, it would be inappropriate for the USPT Defendants to intervene as a matter of right.

### 2. *Permissive Intervention*

The USPT Defendants argue that they have the authority to intervene in the current action as a matter of right pursuant to Federal Rule of Civil Procedure 24(b).  Rule 24(b) allows the court to grant the intervention "when a statute of the United States confers a conditional right to intervene," or "when [the] applicant's claim or defense and the main action have a question of law or fact in common."  Fed R. Civ. P. 24(b).

The proposed final judgment does not divest the USPT Defendants of their ability to pursue their own claims or defenses in the USPT Action.  Although there is a common nucleus

of operative facts between the parties, intervention by the USPT Defendants would merely cause an undue delay, as any defenses or litigation on the merits can occur in the USPT Action. Despite the commonality of facts, intervention, permissive or otherwise, will not be allowed[2].

### B.    *Motion to Transfer*

The USPT Defendants request that the underlying case be transferred to the Honorable Judge Jose E. Martinez. The decision to transfer an action to a different U.S. District Court Judge in the Southern District of Florida is wholly discretionary. *See* IOP 2.15.00(C). The USPT Defendants have no standing to dictate which judge should preside over this action. Therefore, the motion to transfer is denied.

### *IV. CONCLUSION*

For the reasons set forth above, the USPT Defendants' Motion to Intervene and Transfer is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of August 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*

---

[2]   It is unnecessary to determine wither Section 21(g) of the Securities Exchange Act of 1934 operates as an "impenetrable wall" to intervention because the USPT Defendants have failed to quality for intervention either as a matter of right or permissively under Fed. R. Civ. P. 24(a) and (b).